WO                                                                                                                KAB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wayne Derello, Jr., | No. CV 19-05884-PHX-MTL (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| John McAdorey, et al., | |
| Defendants. | |

Plaintiff Douglas Wayne Derello, Jr., who is currently confined in the Arizona State Prison Complex-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 12.) Defendant moves for summary judgment, and Plaintiff opposes.[1] (Docs. 29, 35.)

**I.     Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim against Defendant Avant-Ortiz in Count Three of his Third Amended Complaint. (Doc. 16.) The Court dismissed the remaining claims and Defendants. (*Id.*) Defendant Avant-Ortiz moves for summary judgment on the basis that Plaintiff failed to properly exhaust his available administrative remedies.

. . . .

. . . .

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) regarding the requirements of a response. (Doc. 31.)

## II.     Legal Standards

### A.     Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

. . . .

. . . .

**B.     Exhaustion**

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge; a plaintiff is not entitled to a jury trial on the issue of exhaustion. *Albino*, 747 F.3d at 1170-71. But if a court finds that the prisoner exhausted administrative remedies, that administrative remedies were not available, or that the failure to exhaust administrative remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

**III.    Facts**

Plaintiff is in the custody of the Arizona Department of Corrections (ADC) and is

housed in the Arizona State Prison Complex-Eyman SMU I Unit. (Doc. 30 ¶ 1; Doc 36 at 2.) In his Third Amended Complaint, Plaintiff relevantly alleges that Defendant, a medical care provider for prisoners in the custody of the ADC, refused to see him between July 18, 2019 and March/April 2020 despite knowing that he was in pain and needed a medical blanket and a refill of his Indomethacin prescription. (*See* Doc. 16 at 7.)

### A.    The ADC's Grievance Procedure

The ADC's administrative remedies procedure is governed by Department Order 802: Inmate Grievance Procedure (DO 802). (Doc. 30 ¶ 7.) Inmates may use the grievance process for complaints related to any aspect of institutional life or condition of confinement that directly and personally affect the inmate grievant, including Department Orders, Director's Instructions, Institution and Post Order, Technical Manuals and written instructions, procedures, and actions of staff. (*Id.* ¶ 8.)

The first step in the inmate medical grievance process is the submission of an Informal Resolution, in which the inmate attempts to resolve his complaint short of pursuing a formal grievance, and such Informal Resolutions must be responded to within fifteen (15) workdays. (*Id.* ¶ 9.) The final step in the process is to submit a formal grievance to the Contract Facility Health Administrator (FHA) within five (5) days of receipt of a response to an informal grievance. (*Id.* ¶ 10.)

The ADC considers the FHA's response to the grievance to be final, and to constitute exhaustion of available administrative remedies. (*Id.* ¶ 11.) DO 802 specifically provides that "the maximum length of time for completion of the grievance process is 120 calendar days from initiation of the formal grievances process to final disposition." (*Id.* ¶ 14.)

### B.    Plaintiff's Grievances

The Facility Health Administrator, Matilde Smith, avers that Plaintiff did not submit any grievance relating to his allegations that Defendant refused to see him and refill his prescription between July 1, 2019 and April 30, 2020. (Doc. 30 ¶ 3.) The Grievance Coordinators for Plaintiff's units confirm Plaintiff did not then file a formal grievance

relating to his allegation Defendant refused to see him and refill his Indomethacin prescription. (Doc. 30 ¶ 4.)

**IV.     Discussion**

Defendant argues that she is entitled to summary judgment because Plaintiff did not file any grievances relating to his claim against her and, as a result, did not exhaust the administrative remedy process.

In Response, Plaintiff asserts that the administrative remedy process was effectively unavailable to him because Plaintiff attempts to "turn in grievances [and] appeals," but "they never respond, send them back unprocessed, and/or do not log them. As in this case." (Doc. 35 at 3.) Plaintiff asserts that he attempted to file grievances and appeals between July 1, 2019 and April 30, 2020. (*Id.*) Plaintiff admits that he "did not submit any grievances pertaining to this case while at Cook Unit." (*Id.* at 5.)

In support of his response, Plaintiff produces an Inmate Grievance dated October 26, 2019, which is largely illegible, but states that his "hands and back are in pain." (Doc. 35.) Plaintiff labeled the inmate grievance an "emergency," but it was returned to him unprocessed. (*Id.*) Plaintiff also attaches an "Inmate Informal Complaint Resolution," which is completely illegible. (*Id.* at 8.)

Plaintiff does not explain that either document is an attempt to grieve his claims against Defendant or that he filed any grievance regarding Defendant's alleged failure to see him between July 18, 2019 and March/April 2020. Even if the Court were to assume the documents submitted by Plaintiff somehow complained of Defendant's alleged conduct, Plaintiff provides no explanation for why he did not proceed with the grievance process as permitted by DO 802. (*See* Doc. 30-4 at 5 ("expiration of any time limit for a response at any stage in the process shall entitle the inmate grievant to move to the next step.").

Plaintiff's assertions that unnamed officials refuse to process his grievances without any specific reference to grievances submitted in relation to his claim in this action and without any specific details as to who failed to process his grievances, to whom he gave

- 5 -

the grievances, or any details about when he attempted to submit such grievances are too conclusory to create a genuine issue of material fact. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

Based on the foregoing, Defendant met her burden of showing there was an available administrative remedy that Plaintiff failed to exhaust, and the burden then shifted to Plaintiff to demonstrate that the administrative remedy was effectively unavailable. On this record, Plaintiff has not met his burden of establishing that the administrative remedy was effectively unavailable. Accordingly, the Motion for Summary Judgment will be granted.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion for Summary Judgment (Doc. 29).

(2) Defendant's Motion for Summary Judgment (Doc. 29) is **granted**, and Plaintiff's Eighth Amendment medical care claim against Defendant Avant-Ortiz is dismissed without prejudice for failure to properly exhaust available administrative remedies.

(3) The Clerk of Court must enter judgment accordingly.

Dated this 10th day of December, 2020.

Michael T. Liburdi
United States District Judge