WO                                                                                    KAB

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Douglas Wayne Derello, Jr.,                       No.  CV 19-05884-PHX-MTL (JFM)

              Plaintiff,

v.                                                                       **ORDER**

John McAdorey, et al.,

              Defendants.

      Plaintiff Douglas Wayne Derello, Jr., who is currently confined in the Arizona State Prison Complex-Florence, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 12.)  Plaintiff seeks reconsideration of the Court's Order granting summary judgment in favor of Defendant Avant-Ortiz  (Doc. 40.)

**I.     Background**

      On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim against Defendant Avant-Ortiz in Count Three of his Third Amended Complaint.  (Doc. 16.)  The Court dismissed the remaining claims and Defendants.  (*Id.*)  In a December 10, 2020 Order, the Court dismissed Plaintiff's claim against Defendant Avant-Ortiz because Plaintiff failed to properly exhaust available administrative remedies.  (Doc. 38.)  The Clerk of the Court entered Judgment the same day.  (Doc. 39.)

. . . .

. . . .

## II.     Plaintiff's Motion

Plaintiff's Motion was filed on January 6, 2021,[1] and Plaintiff states that he is seeking relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (Doc. 40.) Plaintiff asserts that the Court should reconsider its summary judgment ruling because Plaintiff has "discovered new evidence not available at the time of summary judgment." (*Id.* at 2.)  Plaintiff asserts that the new evidence consists of two administrative grievances he filed between July 1, 2019 and April 30, 2020, but that Plaintiff did not receive until November 8, 2020.  (*Id.* at 3.)

Plaintiff asserts that one of the grievances he attaches to his Motion is a formal grievance dated August 17, 2019, and although it is illegible, Plaintiff claims that it says: "NP Avant-Ortiz, is being remised [sic], purposely by not calling me to address my pain she is my yard physician as I need to see her.  I am suffering pain, [a]nd she is aware of my medication."  (*Id.* at 3-4.)  This grievance is not signed by prison staff.  (*Id.* at 11.)  Plaintiff asserts that the other grievance is an August 17, 2019 appeal to the Director related to a "different Emergency grievance [Plaintiff] filed about Avant-Ortiz" wherein Plaintiff complained that Avant-Ortiz was leaving him in pain by allowing his blanket to be taken and ignoring his request for indomethacin.  (*Id.* at 4-5.)  This grievance appeal is not signed by prison staff.  (*Id.* at 13.)

Plaintiff attaches a Declaration to his Motion regarding grievances he filed against "Karr," but does not mention Avant-Ortiz in his Declaration.  (*Id.* at 7.)

In Response, Defendant asserts that Plaintiff's Motion should be denied because Plaintiff provides no credible explanation for why the grievances Plaintiff allegedly submitted in 2019 were unavailable to Plaintiff when responding to Defendant's Motion and does not explain how the grievances create a disputed issue of fact as to exhaustion. (Doc. 42 at 1-2.)  Defendant points out that Plaintiff did not request additional time to

---

[1] Although the Court's docket reflects that the Motion was filed on January 8, 2021, because the Motion is dated January 6, 2021, that is the proper date of filing.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (under the "prison mailbox rule," a document is deemed "filed" when delivered by the prisoner to a prison official for mailing).

respond to the Motion for Summary Judgment and did not previously seek to discover the grievances.  (*Id.* at 2.)  Defendant also asserts that, in response to the Motion for Summary Judgment, Plaintiff argued that obstacles prevented him from exhausting his administrative remedies, which conflicts with his current testimony that these grievances demonstrate that he exhausted his claim against Avant-Ortiz.  (*Id.* at 3.)

**III.    Legal Standard**

A Motion to Alter or Amend a Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must be filed no later than 28 days after the entry of judgment."  *See* Fed. R. Civ. P. 59(e).  Moreover, "[a] Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

"Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence . . .; (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case."  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003)

**IV.    Discussion**

The grievances attached to Plaintiff's Motion are not "newly discovered evidence." Plaintiff created these documents and has not produced evidence about why he could not access these documents in responding to the Motion for Summary Judgment.  Even assuming Plaintiff could not access the documents, he could have made arguments about these grievances in response to the Motion for Summary Judgment.  Moreover, even assuming Plaintiff did not have access to the grievances at the time his response to the Motion for Summary Judgment was due, Plaintiff had the grievances in his possession

prior to when Judgment was entered in this action,[2] which prevents any finding that the grievances are "newly discovery evidence." *Feature Realty, Inc.*, 331 F.3d at 1093 ("Evidence 'in the possession of the party before the judgment was rendered is not newly discovered . . . .'") (citation omitted).

Finally, the grievances still do not show that Plaintiff properly exhausted his available administrative remedies. The grievances are not signed by prison officials, and Plaintiff includes no details regarding when he turned the grievances in, who he gave them to, or any other facts tending to establish a genuine dispute as to an issue of material fact. Moreover, Plaintiff's assertions that he exhausted his administrative remedies conflict with his earlier assertions that he was prevented from exhausting his administrative remedies.

For all of the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 40) is **denied**.

Dated this 20th day of April, 2021.

Michael T. Liburdi
United States District Judge

---

[2] As noted above, Plaintiff asserts that he received the grievances in the mail on November 8, 2020 and Judgment entered on December 10, 2020.